IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:10-CV-28-FL

| | |
|---|---|
| KEITH OTIS DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DONALD MOSLEY, Office, Rocky Mount ) | |
| Police Department, individually and in his ) | |
| official capacity; and CITY OF ROCKY ) | |
| MOUNT, NORTH CAROLINA, ROCKY ) | |
| MOUNT POLICE DEPARTMENT, ) | |
| | |
| Defendants. | |

This matter comes before the court on plaintiff's motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (DE # 38), which motion now is ripe. Rule 59(e) allows the district court, in its discretion, to alter or amend its judgment if it determines "that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010). Plaintiff argues that the court's order granting summary judgment to defendants results in manifest injustice because there is sufficient evidence for a jury to conclude that defendant Donald Mosley ("Mosley") intentionally shot plaintiff. In furtherance of this argument, plaintiff submitted an "affidavit" by Andre Jones ("Jones").

Jones' "affidavit" is not competent to establish a genuine issue of material fact or to set aside the court's judgment. Jones' signature was witnessed by another individual, but his statement "was

not sworn to before a notary public nor signed under penalty of perjury pursuant to 28 U.S.C. § 1746." See CareToLive v. F.D.A., 631 F.3d 336, 345 (6th Cir. 2011); see also In re French, 499 F.3d 345, 358 (4th Cir. 2007). As such, there is no "new" evidence to be considered by the court.* Cf. Provident Life & Acc. Ins. Co. v. Goel, 274 F.3d 984, 999 (5th Cir. 2001) (noting, in context of Rule 60(b) motion, that it is "self-evident . . . that newly discovered evidence [must] be both admissible and credible" to justify relief).

Even absent Jones' statement, plaintiff argues that sufficient evidence was presented in his opposition to defendants' summary judgment motion to raise a genuine issue of material fact. Plaintiff relies chiefly on perceived discrepancies between the deposition testimony of Mosley and his fellow officer, Jarrod B. Edmonds ("Edmonds"). Even assuming that the testimony of Mosley does not match precisely that of Edmonds, no issue of *material* fact is raised thereby. See Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit). As the court noted in its earlier order, neither officer's testimony supported an inference that the shooting was intentional. Accordingly, plaintiff's motion to alter the judgment pursuant to Rule 59(e) is DENIED.

SO ORDERED, this the 17²  day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

* Additionally, it appears this "evidence" was available prior to the court's entry of summary judgment. See See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 198 (4th Cir. 2006) (affirming district court's decision to deny Rule 59(e) motion because evidence was available before district court ruled). Although not received until June 15, 2011, the statement is dated June 5, 2011, and plaintiff identified Jones during discovery as a potential witness. If additional time was needed to secure Jones' statement in order to oppose defendants' motion for summary judgment, the proper course was to file a motion under Rule 56(d), not a postjudgment motion under Rule 59(e).

2