IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-00028-FL

| | |
|---|---|
| KEITH OTIS DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CITY OF ROCKY MOUNT, ) | |
| NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This cause comes before the Court on Defendants' motion to strike Plaintiff's notice of appeal. (DE-55). Defendants contend Plaintiff's notice of appeal should be stricken because Plaintiff's attorney, Harold Lucas, is not licensed to practice law in North Carolina. Defendants argue the notice of appeal therefore violates Rule 83.1(d) of the Local Rules of Practice and Procedure for this Court, which requires that "[l]itigants in civil actions, except governmental agencies and parties appearing pro se, must be represented by at least one member of the bar of this court who shall sign all documents filed in this court, including his or her state bar number and fax number in the signature block on all pleadings." As the notice of appeal is not signed by local counsel or a member of the bar of this Court, Defendants request the notice of appeal be stricken and that Plaintiff be prevented from filing an amended notice of appeal.

Plaintiff responds that his attorney, Harold Lucas, is a general partner of Lucas and Nowak, LLP, an interstate law firm registered with the North Carolina Secretary of State and the North

1

Carolina State Bar. Lucas is a member in good standing of the United States Court of Appeals for the Fourth Circuit. When he filed the notice of appeal, Lucas did not realize that he had to be a member of the bar of this Court in order to notify the Court that Plaintiff intended to appeal and that Lucas intended to represent Plaintiff in that appeal to the Fourth Circuit. Because Local Civil Rule 83.1(d) refers to pleadings and litigation in this Court, Lucas believed that local counsel did not need to sign the notice of appeal notifying this Court of Plaintiff's intent to pursue litigation in the Fourth Circuit, where Lucas is a member. Plaintiff contends any violation of the local rules was completely inadvertent and not intended to mislead the Court. Plaintiff requests that the Court deny the motion to strike or, in the alternative, allow Plaintiff to file a new notice of appeal without payment of an additional fee.

Assuming without deciding that Plaintiff's notice of appeal violates Local Civil Rule 83.1(d), the undersigned concludes that the violation constitutes inadvertent error. Further, Defendants were not prejudiced by the error. Rule 83 of the Federal Rules of Civil Procedure provides that "[a] local rule imposing a requirement of form may not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Because Plaintiff's error was nonwillful, the undersigned RECOMMENDS that Defendants' motion to strike (DE-55) be DENIED. However, the undersigned notes that Jeffrey Nowak, a licensed member of the North Carolina State Bar and general partner of Lucas and Nowak, LLP, filed Plaintiff's response. Mr. Nowak, however, has not filed a notice of appearance on behalf of Plaintiff, in violation of Local Civil Rule 5.2. The undersigned therefore further RECOMMENDS that the Court strike any future filings by Mr. Nowak in this case, unless and until he files a notice of appearance with this Court. Because Mr. Nowak has not yet filed a notice of appearance, the Clerk of Court is directed to mail a copy of this memorandum and

recommendation to the law firm of Lucas and Nowak, LLP, 2631 E. Geer St., Durham NC 27704.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, July 16, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

3